UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHRISTOPHER CHAMBERS**<br><br>Plaintiff,<br><br>v.<br><br>**MASSACHUSETTS DEPARTMENT OF TRANSPORTATION,**<br><br>Defendant. | Civil Action No.: |

## COMPLAINT AND JURY TRIAL DEMAND

### INTRODUCTION

1. Plaintiff Christopher Chambers, (hereinafter, the "Plaintiff" or "Chambers"), seeks damages against the Defendant, Massachusetts Department of Transportation, for unlawful discrimination and retaliation in violation of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 and M.G.L. c. 151B, § 4(1A).

2. Plaintiff objected to receiving the Covid-19 vaccine based on his sincerely held religious beliefs and he submitted a request for a Religious Accommodation and an Appeal from denial of such original request, copies of each are attached hereto as, "**Exhibit A**" and are incorporated herein by reference, more particularly detailing his religious beliefs.

### I. PARTIES

3. Chambers was employed as a Civil Engineer III, full-time, for the Massachusetts Department of Transportation, beginning on or about December 2, 2002, until on or about April 1, 2022, when he was wrongly and unlawfully terminated from his employment.

1

4. Defendant Massachusetts Department of Transportation, (hereinafter, "MassDOT" or the "Defendant") is an agency of the Commonwealth of Massachusetts, with an address of 10 Park Plaza, Suite 3170, Boston, Massachusetts 02116.

5. The Defendant negligently, unlawfully, and wrongly terminated Plaintiff's employment after it summarily denied his requests for a Religious and subsequently for a Medical Exemption and Accommodation, causing Chambers to suffer a significant financial loss, including loss of his full-time seniority as a Civil Engineer III as well as his future earnings and retirement.

## II.  FACTS

6. The Defendant is an employer within the meaning of 42 U.S.C. § 2000e (b) and M.G.L. c 151B, § 1(5).

7. On February 4, 2020, the Secretary of Health and Human Services of the United States determined that there was a public health emergency.

8. Thereafter, various vaccine manufacturers such as Pfizer, Inc., Johnson and Johnson, and Moderna, Inc., commenced "Operation Warp Speed" researching vaccines to treat Covid-19.

9. The Food and Drug Administration's Vaccines and Related Biological Products Advisory Committee conducted a meeting for various attendees to discuss sundry matters related to the Covid-19 pandemic. During this meeting, a slide presentation was given wherein one slide disclosed the following possible "risks" or "side-effects" of the vaccines:

    a. Guillain-Barré syndrome;
    b. Acute disseminated encephalomyelitis;
    c. Transverse myelitis;
    d. Encephalitis/myelitis/encephalomyelitis/meningoencephalitis/meningitis/encepholapathy;
    e. Convulsions/seizures;

    f. Stroke, Narcolepsy and cataplexy;
    g. Anaphylaxis;
    h. Acute myocardial infarction;
    i. Myocarditis/pericarditis;
    j. Autoimmune disease;
    k. Deaths;
    l. Adverse symptoms during pregnancy and birth outcomes;
    m. Other acute demyelinating diseases;
    n. Non-anaphylactic allergic reactions;
    o. Thrombocytopenia;
    p. Disseminated intravascular coagulation;
    q. Venous thromboembolism;
    r. Arthritis and arthralgia/joint pain;
    s. Kawasaki disease;
    t. Vaccine enhanced disease.

10. The other vaccines from other manufacturers had similar side effects.

11. Notwithstanding the side effects, risks and lack of safety, MassDOT demanded that all of its employees receive experimental medical treatments. By advising its employees to take medical treatments as a condition of employment, MassDOT was practicing medicine and making medical decisions and judgments for its employees without a medical license, without adequate medical training and without informed knowledge regarding the side effects and risks and benefits of the Covid-19 vaccine medical treatments.

12. MassDOT incentivized its employees to receive the Covid-19 vaccine and demanded that they all, including Plaintiff, receive the Covid-19 vaccine as a new requirement of continued employment.

13. MassDOT demanded that its employees receive these experimental medical treatments without providing its employees with requisite information including Chambers to make his own decisions with informed consent.

14. As a matter of law, in the Commonwealth of Massachusetts, the purported "Covid-19 State of Emergency" was **terminated** by Massachusetts Governor Charles Baker, as of June 15, 2021.

15. On or about August 19, 2021, MassDOT announced their own Covid-19 vaccination policy (hereinafter, the "Vaccine Policy") almost two (2) months after Massachusetts terminated its "Covid-19 State of Emergency".

16. On October 5, 2021, Chambers submitted his requests to be exempt from the Defendant's Vaccine Policy due to his sincerely held religious beliefs, which accommodation Defendant wrongly denied on November 15, 2021.

17. In such submission, Chambers identified as a Christian and attempted to explain his deeply held religious beliefs in the very limited space provided in Defendant's form. *See Exhibit A*.

18. On November 18, 2021, Chambers availed himself of the Defendant's limited appeals process and filed an appeal of Defendant's wrongful decision and same was denied on or about November 23, 2021. *See, Exhibit A*.

19. In such submission to Defendant, Plaintiff explains as follows:

> I pray daily, sometimes many times a day and even more so now during these trying times. During this time when I speak with God, he and I cover many topics and as a result of those prayers he guides and gives "me" direction. I say "me" since we are all God's children and we are all created equally but also uniquely under God's eye and he treats us as such, as "individuals" and as an individual, we all have different needs and paths we must follow and when we listen he will guide us all as he does "me". Now the results may be different because Gods children all have different needs and paths to walk but that is between only you and God. In this, he has set my path and given me direction that I shall follow, as the Lord and only the Lord is my shepherd.

20. Chambers believes that God created him in a unique way for a purpose known only to God and that it would be against God's purpose to accept injection of the vaccine and alter God's work without his instruction, which instruction was not provided to Chambers and Chambers firmly believed that God forbade him to accept it.

21. On or about December 7, 2021, MassDOT placed Chambers on administrative leave for five (5) days and subsequently placed him on administrative leave for ten (10) days on December 14, 2021.

22. On or about December 15, 2021, Chambers was granted a temporary exemption under the American Disability Act until March 15, 2022 to be exempt from MassDOT's Vaccine Policy.

23. Chambers also filed three (3) administrative grievances through his union, however, Defendant refused to arbitrate.

24. On or about April 2, 2022, Chambers received a letter from Defendant dated April 1, 2022 which is entitled "Subject: Notice of Termination under Executive Order 595", states on its face that it was sent "Via UPS Overnight # A 561 791 397 9" and in fact notified Chambers that his employment with Defendant was terminated effective close of business on March 31, 2022. A copy of said document is attached as "**Exhibit B**" and incorporated herein by reference.

25. The Nuremberg Code may or may not apply directly to this action, however, the first of the ten (10) basic principles of the Nuremberg Code provides that:

> "The voluntary consent of the human subject is absolutely essential. This means that the person involved should have legal capacity to give consent; should be situated as to be able to exercise free power of choice, without the intervention of any element of force, fraud, deceit, duress, over-reaching, or other ulterior form of constraint or coercion, and should have sufficient knowledge and comprehension of the elements of the subject

5

matter involved as to enable him to make an understanding and enlightened decision."

## III. MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION ("MCAD") AND EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC") CHARGES

26. Chambers filed timely charges with the MCAD and EEOC. All preconditions for filing this lawsuit have been performed or have occurred.

## COUNT I

## VIOLATION OF FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

27. Plaintiff re-alleges the foregoing Paragraphs 1-26 as if set forth again here.

28. Defendant, at all times relevant to this action, was acting under color of state law.

29. Defendant, while acting under color of state law, violated Plaintiff's constitutional rights, guaranteed to him by the First Amendment of the United States Constitution, by discriminating against him based upon his religion and inhibiting his right to freely practice his religion.

30. Defendant's actions in denying Plaintiff's accommodation requests were not in good faith and were in violation of clearly established law.

31. Defendant's actions were unnecessary, unreasonable, unlawful and unjustified.

32. Defendant's actions deprived the Plaintiff of his constitutional right to freely practice his religion without government interference. Plaintiff was forced under duress to make a choice between his religious beliefs and his job and when he chose to honor his religious beliefs, he was summarily terminated.

33. As a direct and proximate result of Defendant's unreasonable and unlawful actions in failing to grant and/or accommodate his lawful religious accommodation requests, the Plaintiff suffered substantial damages, both compensatory and general, including but not

limited to, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation and general suffering.

## COUNT II

## VIOLATION OF M.G.L. CHAPTER 151 AND VIOLATION OF TITLE VII

34. Plaintiff re-alleges the foregoing Paragraphs 1-33 as if set forth again here. and incorporated into Count II.

35. At all relevant times, Plaintiff was engaged in protected activity under M.G.L. c. 151 and Title VII, upon which he suffered adverse employment action connected to such protected activity.

36. Defendant failed to grant valid accommodation requests inclusive of religion and has discriminated against the Plaintiff based on his choice to freely exercise his deeply held religious beliefs.

37. Plaintiff asserts that Defendant engaged in unlawful acts of subterfuge with specific intent to wrongly deprive him of his religious and constitutional rights by repeatedly failing to accommodate his valid requests for religious exemption and wrongly terminating his employment because of his failure to violate his religious beliefs and receive the Covid-19 vaccine.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT:**

Enter Judgment against the Defendant, finding that the Defendant's conduct was knowingly and intentionally in bad faith, with knowledge or reason to know that its acts would cause severe hardship both financially and emotionally to the Plaintiff, and Defendant's acts violated the United States Constitution, public policy, Federal and common law, and requests damages as follows:

1. A declaration that Plaintiff's constitutional rights were violated and an order requiring just proper and equitable relief.
2. A finding for Plaintiff that for the Claims and Counts set forth herein and an order for an amount to be determined at the trial of this matter.
3. Compensatory damages in the amount of Two Million Dollars ("$2,000,000.00").
4. Punitive damages in the amount of One Million Dollars ("$1,000,000.00").
5. Award reasonable attorneys' fees and costs of this action to the Plaintiff.
6. Such other and further relief that this Honorable Court finds meet, just, proper and equitable in the interests of justice.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES AND COUNTS.**

|  |  |
|---|---|
|  | Respectfully submitted,<br>The Plaintiff,<br>Christopher Chambers,<br>By his attorneys, |
| DATED: March 26, 2025 | /s/ Richard C. Chambers, Jr., Esq.<br>Richard C. Chambers, Jr., Esq.<br>BBO#: 651251<br>Chambers Law Office<br>220 Broadway, Suite 404<br>Lynnfield, MA 01940<br>Office: (781) 581-2031<br>Cell: (781) 363-1773<br>Fax: (781) 581-8449<br>Email: Richard@chamberslawoffice.com |
| DATED: March 26, 2025 | /s/ Joseph Spinale., Esq.<br>Joseph Spinale, Esq.<br>BBO#: 548547<br>Chambers Law Office<br>220 Broadway, Suite 404<br>Lynnfield, MA 01940<br>Office: (781) 581-2031<br>Cell: (781) 838-1411<br>Fax: (781) 581-8449<br>Email: Joe@chamberslawoffice.com |