UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHRISTOPHER CHAMBERS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MONICA G. TIBBITS-NUTT, Individually and in her official capacity as the Secretary and CEO of the Massachusetts Department of Transportation**<br><br>**Defendant.** | **Civil Action No. 1:25-cv-10699-IT** |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Mass. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant, Monica G. Tibbits-Nutt, individually and in her official capacity as the Secretary and CEO of the Massachusetts Department of Transportation ("Tibbits-Nutt") hereby moves to dismiss Plaintiff, Christopher Chambers' ("Chambers") First Amended Complaint in its entirety. Chambers asserted three claims related to his disagreement with his termination for his admitted failure to comply with the Commonwealth of Massachusetts' COVID-19 vaccine requirement. Chambers has alleged: (1) violation of the First Amendment of the United States Constitution; (2) violation of M.G.L. c. 151; and (3) violation of Title VII.

Chambers' claims fail because Tibbits-Nutt is immune from suit, Chambers failed to state a claim upon which relief may be granted under M.G.L. c. 151 (as well as M.G.L. c. 151B), and Chambers failed to meet the ninety day statutory requirement to file suit on a Title VII claim. Accordingly, Chambers First Amended Complaint should be dismissed with prejudice.

I.     **RELEVANT STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT**[1]

The Massachusetts Department of Transportation ("MassDOT" or the "Commonwealth") employed Chambers in 2002. First Amended Complaint ("FAC") ¶ 3. In October 2021, MassDOT announced a COVID-19 vaccination policy and the requirement that employees receive the COVID-19 vaccine. FAC ¶¶ 11-12, 15. Chambers submitted a request for exemption from the vaccine requirement based on religion, which MassDOT denied. FAC ¶ 16. MassDOT terminated Chambers effective March 31, 2022 for failing to comply with the vaccine requirement. FAC ¶ 24. Chambers filed a Charge with the Massachusetts Commission Against Discrimination ("MCAD") and Equal Employment Opportunity Commission ("EEOC") prior to filing this action. FAC ¶ 26.

II.    **ARGUMENT**

   A.   **Standard of review**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Artuso v. Vertex Pharmaceuticals, Inc.*, 637 F.3d 1, 5 (1st Cir. 2011).

"In evaluating a motion to dismiss, the Court may consider documents pertinent to the action and/or referenced in the complaint." *In re Polaroid Corp. Sec. Litig.*, 134 F. Supp. 2d 176, 182 (D. Mass. 2001); *Chatman*, 973 F. Supp. at 232 n.6 ("[T]he court may consider public records and other documents referred to in the complaint . . . . The MCAD Charge is a

---

[1] The facts as alleged in the FAC are taken as true for purposes of this motion only.

public record and is also referred to in the complaint. Therefore, the court [may take] it into account in connection with its consideration of the present Rule 12(b)(6) motion.").

    **B.    Chambers Cannot Maintain a 42 U.S.C. § 1983 Claim Against Tibbits-Nutt in Her Official Capacity for Violation of the First Amendment of the United States Constitution**

The general availability of a remedy under Section 1983 does not mean that a plaintiff can always bring a Section 1983 claim. Only a "person" can be sued, which does not include states, state agencies, or state officials sued in their official capacities. 42 U.S.C. § 1983; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989); *see also Divris v. Dookhan*, 590 F.Supp.3d 388, 392 (2022) (section 1983 suit against state official in his official capacity is not suit against official but rather is suit against official's office, and thus barred by sovereign immunity). As such, Section 1983 claims cannot be brought against state officials such as Tibbits-Nutt. As a result, any purported § 1983 claim against Tibbits-Nutt in her official capacity for violation of the First Amendment should be dismissed. *Campbell v. Bristol Cmty. Coll.*, No. CV 16- 11232-FDS, 2018 WL 457172, at *2–3 (D. Mass. Jan. 17, 2018) (dismissing a claim for violation of due process both because there is no private right of action under the Fourteenth Amendment and because there was no claim under Section 1983 as the proposed defendant is a state agency and state agencies are not 'persons' under Section 1983); *Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014)  (plaintiffs' § 1983 claims fail because neither the State nor [its agency] qualify as 'persons' under § 1983).

    **C.    Chambers Cannot Maintain a 42 U.S.C. § 1983 Claim Against Tibbits-Nutt in Her Individual Capacity for Violation of the First Amendment of the United States Constitution**

MassDOT's denial of Chambers' request for a religious exemption did not violate his First Amendment free exercise rights therefore his claim should be dismissed.

1. **There is No Constitutional Right to a Religious Exemption from the Commonwealth's Vaccine Requirement**

"Constitutionally [plaintiff] has no right to a [religious] exemption" from the Commonwealth's COVID-19 vaccine requirement. *Harris v. University of Massachusetts, Lowell*, 557 F. Supp. 3d 304, 314 (D. Mass 2021) ("UMass is under no constitutional obligation to offer a religious exemption to its Vaccine Requirement"); *Nikolao v. Lyon*, 875 F.3d 310, 316 (6th Cir. 2017) citing Jacobson v. Massachusetts, 197 U.S. 11, 38 (1905) (compulsory vaccination laws with only medical exemptions do not violate any federal constitutional right). Courts have consistently ruled that, even where there is no exemption for sincerely held religious beliefs, mandatory vaccination laws do not violate the Free Exercise Clause. *Caviezel v. Great Neck Pub. Sch.*, 739 F. Supp. 2d 273, 285 (E.D.N.Y. 2010); *Workman v. Mingo County Bd. of Educ.*, 419 F. App'x 348, 353-54 (4th Cir. 2011) (requiring vaccinations does not unconstitutionally infringe plaintiff's right, and mandatory vaccination law that allowed medical but not religious exemptions was constitutional); *Phillips v. City of New York*, 775 F.3d 538, 543 (2d Cir. 2015); *Whitlow v. California*, 203 F.Supp.3d 1079, 1084 (S.D. Cal. 2016) (removed religious exemption to vaccination mandate, stating that "it is clear that the Constitution does not require the provision of a religious exemption to vaccination requirements …")

Even if the Court is unpersuaded by this considerable precedent in the vaccination context, Chambers' free exercise challenge would fail under the standard free exercise analysis because, as a policy that does not target or selectively burden religious conduct, the Commonwealth's vaccine requirement is neutral and of general applicability, subject only to rational basis review. *See Dr. T. v. Alexander-Scott*, 2022 WL 79819 (D. R.I. Jan. 7, 2022); *Cavieziel*, 739 F. Supp. 2d at 285; *Boone v. Boozman*, 217 F. Supp. 2d 938, 953 (E.D. Ark. 2002). The Commonwealth's vaccine requirement easily satisfies rational basis review, as

4

vaccination is rationally related to the Commonwealth's interest in limiting the spread of COVID-19. *See Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) (stemming the spread of COVID-19 is unquestionably a compelling interest).

      **2.      The Commonwealth's Denial of Chambers' Request for Religious Exemption Was Proper and Did Not Violate His Right to the Free Exercise of Religion**

In the event the Court should continue its inquiry concerning Chambers' religious exemption request, the record makes clear that MassDOT's denial of the request did not violate Chambers' right to the free exercise of religion under the First Amendment.

A state actor can determine that a vaccine objection is based on personal or secular reasons, not religious considerations, without violating individuals' free exercise rights. *Mason v. Gen. Brown Cent. Sch. Dist.*, 851 F.2d 47, 51–52 (2d Cir. 1988); *Farina v. Bd. of Educ.*, 116 F. Supp. 2d 503, 508 (S.D.N.Y. 2000); *NM v. Hebrew Acad. Long Beach*, 155 F. Supp. 3d 247, 257–59 (E.D.N.Y. 2016); *Caviezel v. Great Neck Pub. Schs.*, *supra*, 701 F. Supp.2d at 427–30. "Court[s] may, as in any state of mind inquiry, draw inferences from the plaintiffs' words and actions, in determining whether they hold genuine and sincere religious beliefs against inoculations." *Farina v. Bd. of Educ.*, *supra*, 116 F. Supp. at 508. Even when the facts show that plaintiffs are devoutly religious, denial of exemptions is appropriate where the plaintiffs' opposition to vaccination is a selective personal belief, as opposed to a religious one. *NM v. Hebrew Acad. Long Beach*, *supra*, 155 F. Supp. at 258; *Caviezel v. Great Neck Pub. Schs.*, *supra*, 701 F. Supp.2d at 429–30.

Importantly, an individual's assertion that a belief is religious does not automatically make it so. *Mason v. Gen. Brown Cent. Sch. Dist.*, supra, 851 F.2d at 51; *Sherr v. Northport-East Northport Union Free Sch. Dist.*, 672 F. Supp. 81, 94 (E.D.N.Y. 1987). "To the contrary, 'a

5

threshold inquiry into the "religious" aspect of particular beliefs and practices cannot be avoided,' if [courts] are to determine what is in fact based on religious belief, and what is based on secular or scientific principles." *Mason*, 851 F.2d at 51 (internal citations omitted). Here, it is undisputed that Chambers' stated reason for his exemption request was grounded in personal and secular reasons, not religious beliefs.

First, Chambers' FAC lacks any true description of his asserted religious beliefs or the reasons that those beliefs prohibit him from receiving a vaccine. The FAC simply contains conclusory statements that should be afforded no weight by the court. FAC ¶¶ 16-17, 19-20. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions ... factual allegations must be enough to raise a right to relief above the speculative level).

Second, it is undisputed that Chambers' stated objections to vaccination focus on personal and lifestyle reasons, which are not religious. Where a plaintiff cites no controlling religious tenet, and opposition to a vaccine is based on concern over one's health, courts have found that such beliefs are personal and secular, such that states may constitutionally deny requests for religious exemptions. *Farina*, 116 F. Supp. 2d at 508, 513; *Sherr*, 672 F. Supp. at 95–96; NM, 155 F. Supp. at 258–59; *Caviezel*, 701 F. Supp.2d at 429–30. In his request, for example, Chambers outlined his beliefs opposing vaccination as follows:

> *"I pray daily, sometimes many times a day and even more so now during these trying times. During this time I speak with God, he and I cover many topics and as a result of those prayers he guides and gives "me" direction ... In this, he has set my path and given me direction that I shall follow, as the Lord and only the Lord is my shepherd" F*AC ¶ 19

These concerns are personal beliefs, separate from any stated religious practices. *Check v. New York City Dep't of Educ.*, 2013 WL 2181045, *7, 10 (E.D.N.Y. May 20, 2013) (plaintiff stated that she waits on the word of God to tell her what to do in a particular situation and that

6

she "would go and reach for God and ask [H]im for the answers . . . . reaching for [H]is guidance" on vaccinations); *Farina*, 116 F. Supp. at 506 (S.D.N.Y. 2000) ("God designed our bodies to have immune systems, which must not be defiled by immunizations"); *Check*, 2013 WL 2181045 at *7–*8 (describing the "chemicals and the toxins that are put into these vaccines" as "poison to our bodies" that are "manmade" and "not created by God"); and *Fallon v. Mercy Catholic Med. Ctr. of Se. Pa.*, 877 F.3d 487, 492 (3d Cir. 2017) (plaintiff expressed that consenting to vaccination would violate his conscience as to what is right and what is wrong). As a result, Chambers' claim fails.

### D. Chambers's Discrimination Claim Under Title VII Fails for Failure to File His Claim Within 90 Days

Under Title VII, a plaintiff must file a lawsuit in federal court within 90 days of receipt of the EEOC's notice of right to sue. 42 U.S.C. § 2000e-5(f)(1); *Uwakwe v. Pelham Academy et al.*, 286 F. Supp. 3d 213 (2017); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-16(c); *Cheney v. Emmaus, Inc.*, No. 04-11627-RGS, 2004 WL 2237701 (D. Mass. Oct. 5, 2004). When a complaint does not state the exact date the plaintiff received the notice, courts are to presume that the plaintiff received the notice three days after the EEOC mailed it. *Browne v. Sodexo, Inc. et al.,* No. 10-11995-JLT, 2011 WL 2729205 (D. Mass. July 5, 2011). Courts routinely dismiss discrimination complaints on the basis of a plaintiff's failure to file a complaint within 90 days after receiving a right to sue notice from the EEOC. *McCrary et al. v. Metropolitan Life Insurance Co.*, 408 F. Supp. 417, 418 (1976) (dismissing for failure to file by the 90-day deadline and stating that "the ninety day requirement is not only a key thread in this carefully woven scheme, it represents a limitation on a court's power to hear a Title VII action"); *Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 142 (1st Cir. 2012) (failure to file suit within the ninety-day period renders the complaint time-barred).

7

As alleged in his FAC, Chambers filed Charges with the MCAD and EEOC prior to filing the within action. On August 31, 2022, the EEOC issued a **Determination and Notice of Rights**. Determination and Notice of Rights, attached as Exhibit A. In it, the EEOC advised Chambers that if he chose to file a lawsuit against MassDOT under federal law in federal or state court, "**your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice**." *Id*. Chambers does not indicate the date he received the notice in his FAC. Even providing him every favorable inference, the Court must presume that he received the EEOC Determination and Notice of Rights by September 5, 2022. As such, Chambers had 90 days, or until December 4, 2022, to file this action. However, Chambers did not file the present action until March 26, 2025, more than 2 years, 3 months too late. Accordingly, Chambers failed to comply with the requirements of Title VII.

  **E. Chambers Claim for a Violation of M.G.L. c. 151 Should Be Dismissed for Failure to State a Claim**

Count II of Chambers' FAC alleges that Tibbits-Nutt violated M.G.L. c. 151, the Massachusetts Minimum Wage Act. However, Chambers' FAC lacks any facts whatsoever to support such a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions ... . Factual allegations must be enough to raise a right to relief above the speculative level …"). Chambers has failed to allege any facts sufficient to support a claim under the Massachusetts Wage Act. As a result, Count II for violation of M.G.L. c. 151 should be dismissed.

  **F. Chambers Cannot Maintain a Claim for Violation of M.G.L. c. 151B**

To the extent the Court should interpret Count II as alleging a claim for violation of M.G.L. c. 151B, such a claim also fails.

> 1. **Chambers' Purported Claim under G.L. c. 151B Against Tibbits-Nutt in Her Official Capacity Fails**

Any claim pursuant to M.G.L. c. 151B against Tibbits-Nutt in her official capacity fails because it is barred by Eleventh Amendment immunity. The Eleventh Amendment bars federal courts from hearing cases brought against nonconsenting states under state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The Amendment's "ultimate guarantee" is "that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This guarantee applies equally to any agency or department of the State. *Pennhurst*, 465 U.S. at 100, 106 ("it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law"). Tibbits-Nutt, in her official capacity, may explicitly waive immunity to suit in federal court, but the Supreme Court has stated that "we will find waiver only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Florida Dept. of Health*, 450 U.S. at 150 (internal quotations omitted). Courts have made clear that no such waiver exists with respect to M.G.L. c. 151B. *Adams v. Massachusetts Department of Revenue, Child Support Enforcement Div.*, 510 F.Supp.2d 157, 160-161 (2007) (Commonwealth has not consented to federal jurisdiction over Chapter 151B claim). Consequently, any purported M.G.L. c. 151B state law claim should be dismissed.

> 2. **Chambers' Purported Claim under G.L. c. 151B Against Tibbits-Nutt in Her Individual Capacity Fails**

Any claim against Tibbits-Nutt in her individual capacity fails because it is undisputed that Chambers failed to exhaust his administrative remedies by filing such a claim with the EEOC or MCAD. A plaintiff pursuing claims under G.L. c. 151B must first

exhaust those claims by filing a complaint of discrimination with the EEOC and/or the MCAD within 300 days of the complained-of conduct. G.L. c. 151B, § 5; *Everett v. 357 Corp.*, 453 Mass. 585, 599 (2009); *Savage v. City of Springfield*, No. 3:18-cv-30164-KAR, 2021 WL 858409, at *5 (D. Mass. Mar. 8, 2021). The scope of any subsequent civil complaint of discrimination is limited to the scope of the charge filed with the administrative agency and the investigation which can reasonably be expected to grow out of that charge. *Everett* at 600.

Here, it is undisputed that Chambers did not file a claim against Tibbits-Nutt in her individual capacity (Charge of Discrimination, attached as Exhibit B, which is incorporated by reference into Chambers' Amended Complaint). As a result, Chambers' purported claim under G.L. c. 151B is barred for failure to satisfy administrative remedies.

### III.    CONCLUSION

For the reasons outlined above, each of Chambers' claims fail as a matter of law. Tibbits-Nutt therefore respectfully submits that this Court should dismiss Chambers' First Amended Complaint with prejudice.

|  |  |
|---|---|
| | Respectfully submitted,<br><br>MONICA G. TIBBITS-NUTT, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS THE SECRETARY AND CEO OF THE MASSACHUSETTS DEPARTMENT OF TRANSPORTATION,<br><br>By Its Attorney,<br><br>ANDREA JOY CAMPBELL<br>ATTORNEY GENERAL<br><br>*/s/ Jeffrey T. Collins*<br>Jeffrey T. Collins (BBO# 640371)<br>Special Assistant Attorney General<br>Morgan, Brown & Joy, LLP<br>28 State Street, 16th Floor<br>Boston, MA 02109<br>Tele: (617) 523-6666<br>Fax: (617) 367-3125<br>jcollins@morganbrown.com |
| Dated: September 8, 2025 | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, a copy of the foregoing document, filed through the ECF system, will be served on all parties as provided by the Notice of Electronic Filing (NEF).

*/s/ Jeffrey T. Collins*
Jeffrey T. Collins

11